## M'Cabe *against* The United States.

A writ of *scire facias* to revive a judgment against three defendants, one of whom was dead when the writ is sued, cannot be sustained, but upon a plea in abatement the writ will be quashed.

A judgment for the plaintiff upon a plea in abatement that one of the defendants was dead when the writ issued, is *quod respondeas ouster.* A judgment in chief, is erroneous.

ERROR to the common pleas of *Alleghany* county.

The United States *v.* James M'Cabe, William M'Cabe and Joseph M'Cabe. *Scire facias* to revive judgment. The defendant pleaded in abatement, that William M'Cabe was dead when the writ issued. The plaintiff demurred, on the ground that he was entitled to judgment against the survivors ; the defendant joined in the demurrer, and the court rendered a general judgment for the plaintiff.

*M'Candless,* for plaintiff in error, cited, 2 *Black. Rep.* 1227 ; *Co. Litt.* 290, *b* ; Gonnigal *v.* Smith et al., 6 *Johns.* 106 ; 2 *Wils.* 251 ; *Yelv.* 209 ; 2 *Tidd* 1171 ; 1 *Lord Raym.* 26 ; 2 *Bac. Abr.* 725 ; 2 *Lord Raym.* 808 ; *Ibid.* 1050 ; 3 *Salk.* 319.

*Patton,* for defendant in error, cited, 1 *Salk.* 319 ; 6 *Bac. Abr.* 117, 121, 126 ; 1 *Bac. Abr.* 11, 15.

The opinion of the Court was delivered by
ROGERS, J.—A plea that the plaintiff is dead and that there was

[M'Cabe v. The United States.]

no such person in being when the bill was exhibited, is a good plea, and on such a plea the defendant prays judgment of the said bill, and that the same may be quashed.  1 *Went. Pleadings* 49.  It is also a good plea that there never was one of the plaintiffs *in rerum' natura*, or that there never was such a one *in rerum natura* as A, who is named another defendant.  It is the same if the plaintiff died before the original purchased, or that one of the defendants died before the original purchased.  And the death of one of the defendants, before original purchased, abates the whole writ, and the reason given is because the writ was always false.  1 *Comyn. Dig.*, tit. *Abatement*, 60 ; Rowan *v.* Woodward, 2 *Marsh.* 140.  But it is said that this is a *scire facias*, and not an original writ, and that a *scire facias* must recite the judgment; and this is true ; but at the same time, the *scire facias* must notice the death of the party, and make the personal representatives of the deceased defendant parties to the suit.  In *Tidd's Practical Forms* 332, a precedent may be found for such a writ, which, with the variation above indicated, may be safely followed in this state.  The *scire facias* states the judgment, and recites, that although judgment was thereupon given, yet execution of the debt and damages still remains to be made, &c., and that the said, &c. is dead.  The writ then commands the sheriff, &c. *to* make known, &c. to the heirs and *terre tenants*, and also to E F, the surviving defendant.  This precedent conforms to the English and New York practice, but in Pennsylvania the notice is given to the executors or administrators of the deceased, who represent the heirs.

Although this case does not absolutely require any expression of opinion on the point, yet we think it expedient to notice another error in the judgment rendered by the court.  For supposing (as the court of common pleas must have done) that the death of one of the defendants did not abate the suit, yet I cannot understand on what principle the court entered judgment in chief for the plaintiff ; for it is clear that the judgment must, in such a case, be *respondeas ouster.*  Thus in an anonymous case reported in 1 *Wils. Rep.* 302, the defendant pleads in abatement that there is no such person as the plaintiff *in rerum natura* ; the plaintiff replies that there is, viz. at Westminster ; defendant demurs ; plaintiff joins in the demurrer, and prays judgment and his damages, which being in chief, the court say is wrong, for it ought to be that he may answer over.  Per Curiam : let it stand over with leave to the plaintiff to move to amend, on payment of costs.  *Carth.* 137.  And the judgment of *respondeas ouster* is necessary to give the defendant an opportunity to make defence, if any he has ; for although his plea of abatement (unless false in fact) may be overruled, yet he is permitted to show that he has paid the debt in whole or in part.

Judgment reversed, and judgment rendered for the defendant that the writ be quashed.